IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STACIA VICK, CHADWICK VICK  )
             )
    Plaintiffs,     )
             )  C.A. No. K17C-09-007 NEP
  v.         )  In and For Kent County
             )
DR. NASREEN KHAN,    )
KHAN AND ASSOCIATES PA,  )
BAYHEALTH INC.,     )
BAYHEALTH MEDICAL CENTER, )
and KENT GENERAL HOSPITAL.  )
             )
    Defendants.    )

Submitted: December 15, 2017
Decided: January 31, 2018

## ORDER

Before the Court is Ms. Stacia and Mr. Chadwick Vick's (hereinafter "Plaintiffs") Motion for Expedited Trial Date and Defendants Bayhealth Inc.; Bayhealth Medical Center, Inc.; Kent General Hospital; Nasreen Khan, DO; and Khan Obstetrics and Gynecology Associates, PA's (hereinafter "Defendants") Responses. The motion requests the Plaintiffs' trial date be moved up from its currently scheduled date in April of 2019, which was set by this Court's scheduling order entered November 14, 2017.

This matter was initiated by Plaintiffs' filing a complaint on September 8, 2017. In their complaint they allege that Ms. Stacia Vick (hereinafter "Ms. Vick") went to Kent General Hospital on June 11, 2015 for the delivery of her baby. However, Plaintiffs allege that Defendants and their agents negligently performed

1

several procedures and performed a hysterectomy on her without her consent and against her express wishes.

Plaintiffs now seeks an expedited trial, arguing that keeping the April 2019 trial date "would result in manifest injustice as the date would be almost four (4) years from the date of alleged malpractice and may result in loss of witnesses and evidence." The Defendants, who variously filed several responses, all argue that Plaintiffs have failed to establish that a failure to expedite proceedings will result in manifest injustice.

This Court has previously held that a scheduling order shall not be modified unless there is a showing of good cause.[1] There is a dearth of Superior Court case law on expediting trials—the bulk of modifications to scheduling orders involve moving deadlines back. However, the Court of Chancery has held that good cause to expedite a trial is found where a plaintiff can "articulate a sufficiently colorable claim and show a sufficient possibility of a threatened irreparable injury."[2]

Here, Plaintiffs merely allege that keeping the current trial date "*may* result in loss of witnesses and evidence."[3] This claim is so general and conclusory that the Court cannot determine whether there is a threatened injury, how likely it is to occur, or whether the injury is irreparable. Plaintiffs' motion also lacks any supporting case law or legal authority to support its argument. In short, Plaintiffs' motion contains no argument at all, merely a claim of impending prejudice, offering nothing to the Court to substantiate their claim. Plaintiffs have failed to carry their burden to demonstrate the need for modifying the scheduling order.

---

[1] *Bumgarner v. Verizon Delaware*, 2014 WL 595344, at *2 (Del. Super. Jan. 14, 2014); *Candlewood Timber Grp. LLC v. Pan Am. Energy LLC*, 2006 WL 258305, at *4 (Del. Super. Jan. 18, 2006) ("Delaware courts that have considered applications to modify a Trial Scheduling Order have uniformly used the 'good cause' standard.") (collecting cases).
[2] *In re SunGard Data Sys., Inc. S'Holders Litig.*, 2005 WL 1653975 at *1 (Del. Ch. July 8, 2005).
[3] Emphasis added.

WHEREFORE, for the foregoing reasons, Plaintiffs' motion for an expedited trial date is **DENIED**.

**IT IS SO ORDERED**.

__/s/ Noel Eason Primos_____
Judge

NEP/wjs
*Via file & ServeXpress & U.S. Mail*
oc: Prothonotary
cc: Counsel of Record
    Stacia Vick
    Chadwick Vick